IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JAMES CHAPMAN,<br>Movant pro se,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL NO.<br>4:11-CR-0022-HLM-WEJ-5<br><br>CIVIL ACTION NO.<br>4:18-CV-0175-HLM-WEJ |

**ORDER AND
FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Dr. James Chapman's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [589] ("Motion to Vacate"), the government's Response [598], and Dr. Chapman's Reply [609]. Dr. Chapman has also filed a Motion to Amend his Motion to Vacate [610]. For the reasons stated below, the undersigned **DENIES** Dr. Chapman's Motion to Amend his Motion to Vacate and **RECOMMENDS** that the Motion to Vacate be **DENIED**.

**I.     PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a second superseding indictment [459] against Dr. Chapman, charging him in Count one with conspiring to distribute and dispense controlled substances, in violation of 21

U.S.C. §§ 841 and 846, and in Counts Two through Forty-Nine with distributing and dispensing Oxycodone, Hydrocodone with Acetaminophen (Lorcet), and Alprazolam (Xanax) to twenty-six different patients for other than a legitimate medical purpose and not in the usual course of professional practice, in violation of §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(E), and 841(b)(2).  Dr. Chapman pleaded not guilty and proceeded to a ten-day jury trial represented by retained counsel Laura and Franklin Hogue.  (Minute Entries for Arraignment and Jury Trial [464; 473-80; 482; 485].)  The jury found Dr. Chapman guilty of all forty-nine counts. (Jury Verdict [486].)   The Court sentenced Dr. Chapman to 120 months of imprisonment on each count, to run concurrently.  (J. [534].)

Dr. Chapman, still represented by Laura and Franklin Hogue, appealed, arguing that (1) the Court erred by taking judicial notice of venue in its jury charges, (2) the evidence was insufficient to support his conviction on Count One, (3) the Court erred by admitting co-conspirator statements and by denying his motion for mistrial based on the admission of those statements, (4) the Court erred by refusing to hold a Franks v. Delaware, 434 U.S. 154 (1978) hearing and by denying his motion to suppress evidence, and (5) the Court erred by denying his motion in limine to prohibit evidence of alcohol consumption during work hours.  Br. of Appellant at 9, 14-43, United States v. Chapman, 692 F. App'x 583 (11th Cir. 2017)

(No. 15-15686-FF).  On May 23, 2017, the United States Court of Appeals for the Eleventh Circuit affirmed this Court's judgment.  <u>Chapman</u>, 692 F. App'x at 585.

Dr. Chapman timely filed the instant Motion to Vacate, arguing that:  (1) he received ineffective assistance of counsel at sentencing when counsel failed to object to the (a) "incorrectly calculated" weight of the drugs, (b) enhancement for maintaining a premises, and (c) enhancement for abuse of a position of public or private trust or use of a special skill; and (2) the indictment is flawed because the record "does not indicate that that the government had a quorum of 12 jurors." (Mot. Vacate 5-8.)  The government responds that ground one lacks merit and that ground two is both procedurally barred and without merit.  (Resp. 5-17.)  Dr. Chapman replies, newly arguing that counsel was ineffective for not asking that the jury determine drug quantity for each individual defendant and for refusing to challenge the indictment prior to trial.  (Reply 2-8.)  Additionally, Dr. Chapman moves the Court for leave to amend his Motion to Vacate to newly argue that counsel was ineffective for failing to object during trial to the government's constructive amendment of the indictment and failing to file a petition for a writ of certiorari to the United States Supreme Court.  (Mot. Amend).

The one-year statute of limitations for filing this Motion to Vacate began to run on August 21, 2017, ninety days after the Eleventh Circuit affirmed Dr.

3

Chapman's convictions.  See 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment).  Dr. Chapman submitted his Reply and Motion to Amend on September 21, 2018, approximately one month after the statute of limitations expired.  Accordingly, the new grounds for relief presented therein are barred unless they relate back to an original claim under Federal Rule of Civil Procedure 15(c).  Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).

> [T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. . . . Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type."

Id. (citations omitted).  Dr. Chapman did not allege in his original Motion to Vacate that the jury was required to determine drug quantity for each individual defendant, that the government constructively amended the indictment, or that he instructed counsel to seek certiorari review in the United States Supreme Court.  Accordingly, there is no claim presented in his original Motion to Vacate to which his new

4

grounds for relief could relate back. Dr. Chapman's Motion to Amend [610] is, therefore, **DENIED**, and the Court will not address his new grounds for relief.

## II.   DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

A. **<u>Assistance of Counsel</u>**

The standard for evaluating ineffective assistance of counsel claims is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." <u>Id.</u> at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

Dr. Chapman's allegations that counsel failed to object to the "incorrectly calculated" weight of drugs and the enhancement for maintaining a premises are affirmatively contradicted by the record. Counsel raised both objections at sentencing, and, although the Court overruled counsel's objections to the drug quantity, the Court sustained his objection to the enhancement for maintaining a premises. (Sentencing Hr'g Tr. [550] at 5-8, 12-13, 15-19, 23-27, 30-34, 66-70, 72.) That counsel's objections to the drug quantity were ultimately unsuccessful

does not demonstrate ineffectiveness. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Additionally, Dr. Chapman provides no facts or argument to support his claim that counsel was ineffective for not objecting to the enhancement for abuse of a position of public or private trust or use of a special skill. "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted). Accordingly, Dr. Chapman has not shown deficient performance or prejudice based on counsel's actions and/or omissions during sentencing.

### B.     Procedural Default

Dr. Chapman did not raise ground two on direct appeal and, thus, is procedurally barred from raising it in this Motion to Vacate, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective

assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 569 U.S. 383, 401 (2013) (citing Schlup, 513 U.S. at 316).

Dr. Chapman has not alleged that an objective factor external to the defense prevented him from raising ground two on direct appeal or that he is actually innocent. Furthermore, counsel's failure to argue that the indictment was flawed because the record does not show the number of grand jurors concurring in the indictment was reasonable. Because Dr. Chapman has presented no credible

8

evidence that the indictment was not properly returned and because the grand jury foreperson's signature on the second superseding indictment "constitutes an attestation to the act of the grand jury," the Court "must presume that the superseding indictment was properly returned by the grand jury." Ward v. United States, 694 F.2d 654, 658 (11th Cir. 1983) (citations omitted); see also United States v. Rondon, Nos. 8:06-cr-326-T-23-TGW, 8:10-cv-2928-T-23TGW, 2015 WL 1242835, at *5 (M.D. Fla. Mar. 18, 2015) ("The record shows that the grand jury foreperson endorsed the second superseding indictment as a true bill, which indicates that twelve grand jurors voted to indict Rondon."). Accordingly, Dr. Chapman may not raise this meritless challenge to his indictment in this Motion to Vacate.

### III.   CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not

issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Dr. Chapman's ground for relief, the resolution of the issues presented is not debatable by jurists of reason, and the Court should deny a certificate of appealability.

### IV. CONCLUSION

For the reasons set forth above, Dr. Chapman's Motion to Amend [610] is **DENIED**, and the undersigned **RECOMMENDS** that the Motion to Vacate [589] be **DENIED** and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 28th day of September, 2018.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE