IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DR. JAMES CHAPMAN, | |
| v. | CRIMINAL FILE NO. 4:11-CR-022-05-HLM-WEJ |
| UNITED STATES OF AMERICA. | CIVIL ACTION FILE NO. 4:18-CV-0175-HLM-WEJ |

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [589], on the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [611], and on Petitioner's Objections to the Order and Final Report and Recommendation [616].

I.  **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990).  If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784.  Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v.

2

Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

On September 28, 2018, Judge Johnson issued his Order and Final Report and Recommendation. (Order & Final Report & Recommendation (Docket Entry No. 611).) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.)

Petitioner has filed Objections to the Final Report and Recommendation. (Objs. (Docket Entry No. 616).) The Court finds that no response to those Objections from the Government is necessary, and it concludes that the matter is ripe for resolution.

The Court finds that Judge Johnson accurately set forth the procedural history of this case, and it incorporates that portion of the Order and Final Report and Recommendation

3

into this Order as if set forth fully herein. (Order & Final Report & Recommendation at 1-3.) Judge Johnson also correctly set forth the law governing § 2255 Motions and evidentiary hearings, and the Court agrees with Judge Johnson that an evidentiary hearing is not required in this case. (Id. at 5.)[1] To the extent that Petitioner objects to this conclusion, the Court overrules the Objection. (Objs. at 1-2, 4.)

Judge Johnson accurately set forth the law governing ineffective assistance of counsel claims. (Order & Final Report & Recommendation at 6.) Judge Johnson correctly concluded that Petitioner's "allegations that counsel failed to

---

[1] Judge Johnson properly denied Petitioner's Motion to Amend his § 2255 Motion. (Order & Final Report & Recommendation at 3-5.) With all due respect to Petitioner, nothing in his Objections warrants a different conclusion, and the Court overrules this portion of Petitioner's Objections. (Objs. at 1-2.)

4

object to the 'incorrectly calculated' weight of drugs and the enhancement for maintaining a premises are affirmatively contradicted by the record," as "[c]ounsel raised both objections at sentencing." (Id. (citing Sentencing Hr'g Tr. (Docket Entry No. 550) at 5-8, 12-13, 15-19, 23-27, 30-34, 66-70, 72).) Indeed, the Court sustained Petitioner's counsel's objection to the enhancement for maintaining a premises. (Id.; Sentencing Hr'g Tr. at 33-34.) Although the Court ultimately rejected Petitioner's counsel's objections to the drug quantity, this does not demonstrate ineffectiveness. (Order & Final Report & Recommendation at 6-7.) Moreover, the Court agrees with Judge Johnson that Petitioner failed to show deficient performance based on his claim that his counsel did not object to the enhancement for abuse of a position of public or private trust or use of a

special skill, as Petitioner's allegations concerning that claim were conclusory. (Id. at 7.)[2]

Likewise, Judge Johnson correctly found that ground two of Petitioner's § 2255 motion is procedurally defaulted, and that Petitioner has not shown cause or prejudice to excuse the procedural default. (Order & Final Report & Recommendation at 7-9.) In any event, the Court agrees with Judge Johnson that "counsel's failure to argue that the indictment was flawed because the record does not show the number of grand jurors concurring in the indictment was reasonable." (Id. at 8.) Indeed, this challenge lacks merit. (Id. at 8-9.) Petitioner therefore is not entitled to relief based on ground two. (Id. at 9.) With all due respect to Petitioner,

---

[2] Petitioner does not appear to object to this portion of the Order and Final Report and Recommendation. (See generally Objs.) To the extent Petitioner's Objections could be construed as objecting to this portion of the Final Report and Recommendation, the Court overrules the Objection.

nothing in his Objections warrants a different conclusion. The Court therefore overrules this portion of Plaintiff's Objections. (Objs. at 3.)

In sum, Judge Johnson properly concluded that Petitioner is not entitled to relief under § 2255. The Court therefore adopts the Order and Final Report and Recommendation, and denies Petitioner's § 2255 Motion. For the reasons discussed in the Order and Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Final Report & Recommendation at 9-10.)[3]

III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Order and Final Report and Recommendation of United States

---

[3] The Court overrules the portion of Petitioner's Objections arguing that the Court should issue a certificate of appealability. (Objs. at 3-4.) Petitioner has not demonstrated that the issues resolved by the Court are debatable by jurists of reason.

7

Magistrate Judge Walter E. Johnson [611], **OVERRULES** Petitioner's Objections to the Order and Final Report and Recommendation [616], and **DENIES** Petitioner's § 2255 Motion [589]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:18-CV-0175-HLM-WEJ. Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED, this the 10 day of October, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE